# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
                                 *
JAY HYMAS, d/b/a DOSMEN FARMS,   *
                                 *
        Plaintiff,               *
                                 *      No. 18-831C
v.                               *      Filed: February 7, 2019
                                 *
UNITED STATES,                   *
                                 *
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * *
```

**ORDER**

      The court is in receipt of plaintiff's January 10, 2019 "MOTION TO RECONSIDER AND VACATE JUDGMENT," which the Clerk's Office filed as a motion for reconsideration pursuant to Rule 59(a) (2018) of the Rules of the United States Court of Federal Claims (RCFC). (capitalization in original). In plaintiff's January 10, 2019 motion, plaintiff asserts:

> Plaintiff mailed a Complaint in this matter in June of 2018 to this court. Plaintiff has not received any communication from the court whatsoever whether written, verbal or otherwise until Dec. 29, 2018[1] when he received this court's Judgment. Never at any time has Plaintiff received any documentation or other communication from the Defendant or counsel for the Defendant. Plaintiff has not had any status conferences, any hearings whatsoever, Plaintiff's due process rights have been violated. Plaintiff is completely unaware of what if anything has happened regarding this case since he mailed his Complaint. Plaintiff has never received a copy of Defendant's Motion to Dismiss or any other document whatsoever.

      The court has contacted the Clerk's Office of the United States Court of Federal Claims, which mails out copies of communications from the court to the parties, regarding plaintiff's allegation that plaintiff has not received any "communication from the court whatsoever." The Clerk's Office indicated that plaintiff was sent a copy of the notice of assignment to the undersigned and a copy of the notice of the above-captioned case, as a pro se case, being designated as a non-electronic (ECF) case. Moreover, in defendant's notice of appearance, defendant provided a certificate of service stating that a copy of defendant's notice of appearance was mailed to plaintiff on July 16, 2018. As part of

---

[1] As discussed below, the court issued an Opinion dismissing plaintiff's complaint in the above-captioned case on December 17, 2018, and the Clerk's Office of the United States Court of Federal Claims indicated it mailed a copy of the court's Opinion to plaintiff at the address on file for plaintiff on December 17, 2018. See Hymas v. United States, 141 Fed. Cl. 144, 161 (2018).

defendant's motion to dismiss, defendant provided a certificate of service attesting that a copy of defendant's motion to dismiss and appendix was mailed to plaintiff on August 10, 2018. Both of defendant's certificates of service include the mailing address provided by plaintiff in plaintiff's complaint and listed on the docket in the above-captioned case, as well as the address listed in plaintiff's January 10, 2019 motion for reconsideration. Copies of the filings in the above-captioned case, therefore, appear to have been sent to plaintiff at the address provided by plaintiff. Moreover, by virtue of filing the plaintiff's motion for reconsideration, it appears that plaintiff received a copy of the court's December 17, 2018 Opinion dismissing the above-captioned case. Regardless, however, as discussed below, the court lacks jurisdiction over the claims raised in plaintiff's complaint in Case No. 18-831C.

In the above-captioned case, plaintiff filed a brief, two-page, double-spaced complaint, as well as an Application to Proceed In Forma Pauperis. Plaintiff's complaint challenged how the United States Fish and Wildlife Service "has been and is" awarding cooperative agreements involving farming. In plaintiff's complaint, however, plaintiff failed to specifically identify an award of a cooperative agricultural agreement which plaintiff's complaint was challenging. Subsequently, defendant filed a motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) (2018). Plaintiff did not file a response to defendant's motion to dismiss, although defendant's certificate of service attached to the version of defendant's motion to dismiss indicates a copy of defendant's motion to dismiss was sent to the same address in plaintiff's complaint and as is on file for the plaintiff with the court. Moreover, RCFC 83.1(a)(3) (2018) states that the "terms counsel, attorney, and attorney of record include such individuals appearing pro se." RCFC 83.1(a)(3). The rule at RCFC 83.1(b)(5) states that an "attorney" must provide the Clerk of the Court with timely notice of a change of address. RCFC 83.1(b)(5).

On December 17, 2018, the court issued an Opinion granting defendant's motion to dismiss in the above-captioned case. See Hymas v. United States, 141 Fed. Cl. at 161. Regarding plaintiff's Application to Proceed In Forma Pauperis in the above-captioned case, in the court's December 17, 2018 Opinion, the court stated:

> Despite having a "professional contract" valued at approximately $120,000.00, the court notes that plaintiff asserted in his Application to Proceed In Forma Pauperis that plaintiff only had approximately $12,200.00 in assets approximately two months after plaintiff's "professional contract" ended without indicating whether any money from the contract for $120,000.00 was remaining. Plaintiff's financial posture, therefore, is somewhat unclear. Plaintiff's Application to Proceed In Forma Pauperis, however, is moot, because, as discussed below, plaintiff's complaint is dismissed.

Id. at 157. Regarding defendant's motion to dismiss, the court stated:

> In the above-captioned case, plaintiff's complaint in this court and [plaintiff's] opening brief in the [United States Court of Appeals for the] Ninth Circuit [in

2

> Hymas v. United States Department of Interior, Case No. 18-35488 (9th Cir. June 1, 2018)] both arise out of the Fish and Wildlife Service's award of cooperative agreements for farming; both contend that the Fish and Wildlife Service's past and current process for awarding cooperative agreements involving farming violate federal contracting law; both assert that the Fish and Wildlife Service's program for awarding cooperative agreements is a "black-operation" that the Fish and Wildlife Service operates outside of federal law; both question the validity of the forms used by the Fish and Wildlife Service when awarding cooperative agreements; and both argue that there is no government oversight of the Fish and Wildlife Service's award of cooperative agreements. The factual allegations in plaintiff's complaint in this court and plaintiff's opening brief in the Ninth Circuit center on the Fish and Wildlife Service's award of cooperative agreements involving farming and the method by which the Fish and Wildlife Service awards cooperative agreements involving farming. The court finds that plaintiff's complaint in this court and appeal in the Ninth Circuit are based on substantially the same operative facts. See Iowa Tribe of Kan. & Neb. v. United States, 101 Fed. Cl. 481, 484 (2011) ("Plaintiff is seeking redress for injuries arising from the same transaction or occurrence: the Government's ongoing mismanagement of the Tribe's trust assets. Therefore, the Court finds that this suit is based on substantially same operative facts as Plaintiff's District Court suit."). Because plaintiff's appeal in the Ninth Circuit was pending when plaintiff filed the complaint in the above-captioned case and the two cases involve substantially the same operative facts, the statute at 28 U.S.C. § 1500 [(2012)] precludes this court from exercising jurisdiction over plaintiff's complaint in this court.

Hymas v. United States, 141 Fed. Cl. at 160-61. The court granted defendant's motion to dismiss and dismissed plaintiff's complaint based on 28 U.S.C. § 1500. Id. at 161. On December 17, 2018, the Clerk's Office issued judgment dismissing the case in the above-captioned case in favor of defendant.

In plaintiff's ten-page January 10, 2019 motion, longer than plaintiff's complaint, plaintiff argues that 28 U.S.C. § 1500 does not preclude this court from exercising jurisdiction over plaintiff's complaint because plaintiff's complaint in the above-captioned case "is clear that it is addressing farming contracts/cooperative agreements entered into 'since 2015'" and does not involve the cooperative agreements at issue in plaintiff's appeal before the United States Court of Appeals for the Ninth Circuit.

Reconsideration of a judgment is not intended to permit a party to retry the allegations included in plaintiff's complaint when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that it "reviews the trial court's decision on reconsideration for an abuse of discretion." Entergy Nuclear FitzPatrick, LLC v. United States, 711 F.3d 1382, 1386 (Fed. Cir. 2013) (citing Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.) (noting that "[t]he decision whether to grant reconsideration lies largely within the discretion of the

[trial] court"), reh'g denied (Fed. Cir. 1990)); see also Carter v. United States, 207 Ct. Cl. 316, 318, 518 F.2d 1199, 1199 (1975), cert. denied, 423 U.S. 1076, reh'g denied, 424 U.S. 950 (1976); CanPro Invs. Ltd. v. United States, 131 Fed. Cl. 528, 531 (2017); Osage Tribe of Indians of Okla. v. United States, 97 Fed. Cl. 345, 348 (2011) (discussing RCFC 59(a) and RCFC 60(b)); Oenga v. United States, 97 Fed. Cl. 80, 83 (2011) (discussing RCFC 59(a)); Webster v. United States, 92 Fed. Cl. 321, 324, recons. denied, 93 Fed. Cl. 676 (2010) (discussing RCFC 60(b)); Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 126, 129 (2009) (discussing RCFC 54(b) and 59(a)); Banks v. United States, 84 Fed. Cl. 288, 291-92 (2008) (discussing RCFC 54(b) and 59(a)); Corrigan v. United States, 70 Fed. Cl. 665, 667-68 (2006) (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 752 (2005); Keeton Corr., Inc. v. United States, 60 Fed. Cl. 251, 253 (2004) (discussing RCFC 59(a)); Paalan v. United States, 58 Fed. Cl. 99, 105 (2003), aff'd, 120 F. App'x 817 (Fed. Cir.), cert. denied, 546 U.S. 844 (2005); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002) (discussing RCFC 59(a)).

"Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)) (discussing RCFC 59(a)), reh'g en banc denied (Fed. Cir.), cert. denied, 546 U.S. 826 (2005); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." (citing Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1370 (Fed. Cir. 1999), reh'g denied (Fed. Cir. 2000); Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995))); Oenga v. United States, 97 Fed. Cl. at 83; Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996) (discussing RCFC 59(a)), aff'd, 144 F.3d 769 (Fed. Cir. 1998). Generally, "[t]he cases seem to make [a] fault/no fault distinction the controlling factor in determining whether extraordinary circumstances will be found or not. In a vast majority of cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault . . . ." 12 Joseph T. McLaughlin and Thomas D. Rowe, Jr., Moore's Federal Practice § 60.48[3][b] (3rd ed. 2008) (discussing RCFC 60(b)(6)); see also Amado v. Microsoft Corp., 517 F.3d 1353, 1363 (2008) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993)) (discussing RCFC 60(b)(6)).

Courts must address reconsideration motions with "exceptional care." Carter v. United States, 207 Ct. Cl. at 318, 518 F.2d at 1199; see also Global Comput. Enters. v. United States, 88 Fed. Cl. 466, 468 (2009) (discussing RCFC 59(a)). "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010); see also Griffin v. United States, 96 Fed. Cl. 1, 7 (2010) (discussing RCFC 59(a)), mot. to amend denied, appeal dismissed, 454 F. App'x 899 (Fed. Cir. 2011); Totolo/King Joint Venture v. United States, 89 Fed. Cl. 442, 444 (2009) (quoting Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007), aff'd in part, vacated in part, rev'd in part on other grounds, 583 F.3d 1344 (Fed. Cir. 2009)) (discussing RCFC 59(a)),

appeal dismissed, 431 F. App'x 895 (Fed. Cir.), reh'g denied (2011); Dairyland Power Coop. v. United States, 90 Fed. Cl. 615, 652 (2009) (discussing RCFC 59(a)), recons. denied, No. 04-106C, 2010 WL 637793 (Fed. Cl. Feb. 22, 2010), aff'd in part, vacated in part on other grounds, 645 F.3d 1363 (Fed. Cir. 2011); Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citations omitted) (discussing RCFC 59); Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (discussing RCFC 59(a)), aff'd, 603 F.3d 1301 (Fed. Cir.), reh'g en banc denied (2010), cert. denied, 562 U.S. 1139 (2011). "Manifest," as in "manifest injustice," is "understood as clearly apparent or obvious." Cyios Corp. v. United States, 124 Fed. Cl. 107, 113 (2015) (internal quotation marks omitted); see also Lee v. United States, 130 Fed. Cl. 243, 252 (2017), aff'd, 895 F.3d 1363 (Fed. Cir. 2018); Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002) (discussing RCFC 59), aff'd, 384 F.3d 1368 (Fed. Cir. 2004), cert. denied, 544 U.S. 948 (2005). "Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. at 7 (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part, rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court.'" Ammex, Inc. v. United States, 52 Fed. Cl. at 557 (emphasis in original) (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993), aff'd, 50 F.3d 1021 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir. 1995)); see also CanPro Invs. Ltd. v. United States, 131 Fed. Cl. at 531; Griffin v. United States, 96 Fed. Cl. at 7; Bowling v. United States, 93 Fed. Cl. 551, 562 (discussing RCFC 59(a) and 60(b)), recons. denied (2010); Webster v. United States, 92 Fed. Cl. at 324 (discussing RCFC 59(a) and 60(b)); Pinckney v. United States, 90 Fed. Cl. 550, 555 (2009); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752. "A motion for reconsideration is not intended . . . to give an unhappy litigant an additional chance to sway the court." Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 475 (2012) (internal quotations omitted; ellipse in original). "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." Lee v. United States, 130 Fed. Cl. at 252; see also Cyios Corp. v. United States, 124 Fed. Cl. at 113 (rejecting protestor's argument raised for the first time in its motion for reconsideration); CANVS Corp. v. United States, 116 Fed. Cl. 294, 300 (2014) ("[A] party may not raise an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." (internal quotation marks and citation omitted)).

In sum, it is logical and well established that, "a motion for reconsideration 'should not be based on evidence that was readily available at the time the motion was heard.'" Johnson v. United States, 127 Fed. Cl. 661, 664 (2016) (quoting Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. at 594). "'Post-opinion motions to reconsider are not favored . . . especially where a party has had a fair opportunity to litigate the point in issue.'" Wagstaff v. United States, 118 Fed. Cl. 172, 175 (quoting Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376, aff'd, 39 F.3d 1198 (Fed. Cir. 1994)), aff'd, 595 F. App'x 975 (Fed. Cir. 2014).

5

In the above-captioned case, plaintiff's January 10, 2019 motion for reconsideration contains factual allegations not included in plaintiff's two-page, double-spaced complaint filed in Case No. 18-831C. The substance of plaintiff's January 10, 2019 motion significantly differs from the complaint filed in the above-captioned case, Case No. 18-831C. The complaint in Case No. 18-831C was properly dismissed by the court, and the court was unable to take jurisdiction over plaintiff's complaint based on the statute at 28 U.S.C. § 1500 given the allegations in the complaint which was filed. As discussed above, plaintiff may not raise an argument for the first time in a motion for reconsideration when the argument being raised could have been made prior to when judgment was entered. Moreover, plaintiff's January 10, 2019 motion does not present any valid ground for reconsideration of the court's December 17, 2018 Opinion and of the December 17, 2018 judgment entered pursuant to the court's Opinion. Based on the complaint plaintiff filed with the court in Case No. 18-831C and plaintiff's appeal pending before the United States Court of Appeals for the Ninth Circuit when plaintiff filed his complaint in this court, 28 U.S.C. § 1500 precluded the court "from exercising jurisdiction over plaintiff's complaint in this court." See Hymas v. United States, 141 Fed. Cl. at 161. Plaintiff's January 10, 2019 motion fails to demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice based on the court's review of plaintiff's complaint in this case and plaintiff's filings in his appeal before the United States Court of Appeals for the Ninth Circuit. The court, therefore, denies plaintiff's January 10, 2019 motion to reconsider.

Moreover, the court notes that trial judges are given broad discretion to control and manage their dockets, including with respect to procedural matters. See, e.g., Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (citing Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir. 1979), cert. denied, 446 U.S. 956 (1980)); Nutrinova Nutrition Specialties and Food Ingredients GMBH v. Int'l Trade Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000); Remote Diagnostic Techs. LLC v. United States, 133 Fed. Cl. 198, 203 (2017). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty. Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988); see also Toquero v. I.N.S., 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); Lake at Las Vegas Inv'rs Grp. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir.) (affirming and discussing the court's interpretation of a local District Court rule, finding no prejudicial error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position"), reh'g denied (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992); Young v. United States, 94 Fed. Cl. 671, 675 (2010) ("There is no blanket due process right to oral argument." (citing FCC v. WJR, The Goodwill Station, 337 U.S. 265, 276 (1949)). Therefore, a trial court is not required to hold a hearing, but may do so if the court believes the hearing would assist the court to resolve the case. The decision of whether or not to hold oral argument is made in each case, based on the filings and issues raised in that particular case. In the first place, the court would not engage in any ex parte communication with plaintiff without defendant's counsel involved. In this case, no such contact occurred. Moreover, given the statutory lack of jurisdiction over plaintiff's complaint in the above-captioned case, the court

exercised its discretion and elected not to hold oral argument in the above-captioned case.

**IT IS SO ORDERED.**

*[signature]*

**MARIAN BLANK HORN**
**Judge**